1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11  ELMER MORENO MENDOZA,
    CDCR #K-35854,
12
                                Plaintiff,
13
         vs.
14
    LILY ROBERTS, Centinela State Prison
15  Dept. of Edu. Staff;
    MARICELA G. LOERA, Correctional
16  Counselor,
17                              Defendants.
18

Case No.:  3:16-cv-02319-JAH-JLB

**ORDER DENYING MOTION TO
PROCEED IN FORMA PAUPERIS
PURSUANT TO 28 U.S.C. § 1915(a)
AND DISMISSING CIVIL ACTION
WITHOUT PREJUDICE FOR
FAILING TO PREPAY FILING
FEES REQUIRED BY
28 U.S.C. § 1914(a)**

**[ECF No. 2]**

19

20      ELMER MORENO MENDOZA ("Plaintiff"), a prisoner currently incarcerated at

21  California State Prison, Los Angeles County (CSP-LAC), in Lancaster, California, and

22  proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF

23  No. 1).

24      Plaintiff claims Defendant Roberts, a Centinela State Prison staff member, "passed

25  off" documentation related to his GED certificate with a "fake social security number"

26  sometime in 2007, thus "setting [him] up to be prosecuted for fraud," which will

27  "inevitably" result in the denial of his parole in 2020. (ECF No. 1 at 3.) After Plaintiff

28  claims to have first discovered the fraud in February 2016, he claims his "right to appeal"

1

was denied by Defendant Loera, who cancelled his CDCR 602 inmate grievance concerning the social security number as untimely. (*Id.* at 4.) Plaintiff seeks $3,500,000 in general and punitive damages, an injunction preventing Defendants from "hiding or leaving the state until the damages have been fully paid," and asks to be released from prison. (*Id.* at 7.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint. . . ." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. After, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), it is incomplete because he has not attached a certified copy of his CSP-LAC trust account statements for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this case. Therefore, his civil action may not yet proceed. *See* 28 U.S.C. § 1915(b)(1).

## II.   Conclusion and Order

For these reasons, the Court:

(1)   **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES** this civil action without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a);

(2)     **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee, **or** (2) filing a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b); and

(3)     **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his trust account statement within 45 days*, this civil action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.[1]

**IT IS SO ORDERED**.

Dated: October 7, 2016

HON. JOHN A. HOUSTON
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").